

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00154-CR

BRANDON LEE RADFORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR23-0738

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

This is an appeal of a judgment adjudicating guilt resulting from a motion to revoke deferred adjudication community supervision. On November 7, 2023, Brandon Lee Radford pled guilty to possession of a controlled substance of one gram or more but less than four grams of methamphetamine, a third-degree felony, and unauthorized use of a motor vehicle, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (Supp.); TEX. PENAL CODE ANN. § 31.07. The trial court sentenced Radford to five years' deferred adjudication community supervision for both offenses.[1,2]

On July 22, 2025, the State moved to revoke Radford's deferred adjudication community supervision and to proceed to adjudication of guilt. After a contested hearing on the motion to adjudicate, the trial court adjudicated Radford guilty and sentenced him to seven years' imprisonment on the possession of a controlled substance and twenty-four months in a state-jail facility on the unauthorized use of a motor vehicle.

On appeal, Radford argues that (1) the trial court abused its discretion by admitting hearsay evidence; (2) the trial court violated his Confrontation Clause rights; and (3) the evidence was insufficient to support the trial court's findings that he violated the terms and conditions of his deferred adjudication community supervision. In significant part, Radford complains of the admission of drug tests. We do not reach those questions because evidence of

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]In this memorandum opinion, we address Radford's challenge to his conviction in trial court cause number CR23-0738. In his companion appellate cause number 06-25-00155-CR, Radford challenges his conviction for unauthorized use of a motor vehicle, trial court cause number CR23-0739. *See* TEX. PENAL CODE ANN. § 31.07.

other violations supported the trial court's decision to proceed to adjudication of guilt. We affirm the trial court's judgment.

## I.	Applicable Facts

In both cases, the State alleged that Radford failed to report via mail to the Community Supervision and Correction Department (CSCD) of Parker County. In the possession of a controlled substance case, the State's motion included allegations that Radford had failed to complete 140 hours of community service, and had tested positive for methamphetamine in June 2025. In the unauthorized use of a motor vehicle case, the State's motion included allegations that Radford had not completed a theft-intervention program. Both motions were heard in a combined hearing on September 17, 2025. Radford pled "[n]ot true" to all allegations.

Jennifer Martinez, a community supervision officer with the Parker County CSCD, testified that she did not directly supervise Radford while he was in Palo Pinto County, but she was the indirect caseload officer for Parker County. Martinez explained that indirect cases involve probationers whose offenses originate in Parker County, but who live in other counties. She stated that, as part of her duties on indirect cases, she communicates with officers in other counties and receives progress reports about probationers' compliance with community supervision conditions. Parker County transfers the cases while "[m]aking sure they're complying with the conditions of their community supervision" and bringing the probationer back to court if necessary.

Radford sought and obtained a running objection to Martinez testifying "about th[e] hearsay drug information."

3

Concerning other violations, Martinez also testified, without objection, that Radford failed to report to Parker County, by mail, for four months throughout 2024. Martinez also testified, without objection, that Radford had completed some community service hours, but he still had 127 hours left to complete. That testimony went specifically to the "0738" case, meaning the possession of a controlled substance case in which he was required to complete 140 hours. Martinez also testified, without objection, that Radford failed to complete a theft-intervention class.

Radford testified, and admitted, that he was required to report to both Parker County and Palo Pinto County and that he failed to report to Parker County for "three or four months." Radford further testified that he had completed community supervision in one case, but as for the missing community service hours, Radford said, "I haven't had a chance to do them yet."

The trial court found the allegations true, adjudicated his guilt for both offenses, and sentenced him to seven years' imprisonment on possession of a controlled substance and twenty-four months in a state jail facility on the unauthorized use of a motor vehicle.

## II.   Standard of Review

"To convict a defendant of a crime, the State must prove guilt beyond a reasonable doubt, but to revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation only by a preponderance of the evidence." *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013) (footnote omitted) (citation omitted). "For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its discretion." *Id.* at 865. "In addition, we have explained that the

4

trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.* "[P]roof of a single violation will support revocation." *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]1980)).

## III. Analysis

Radford admitted that he did not report via mail as required. That admitted violation applies to both cases. Radford further admitted that he had not completed the required community service in the possession of a controlled substance case. There was direct testimony that Radford did not comply with the theft-intervention class required as a condition of community supervision in the unauthorized use of the vehicle case. Given the deferential standard of review, we cannot say that the trial court abused its discretion in revoking Radford's community supervision and proceeding to adjudication in both cases.

## IV. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:   July 21, 2026
Date Decided:   July 28, 2026

Do Not Publish

5